<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILLIAM MERCER, | : Civil Action No. 06-5693 (RBK) |
| Petitioner, | : |
| v. | : <u>OPINION</u> |
| U.S. PAROLE COMMISSION, et al., | : |
| Respondents. | : |

**APPEARANCES:**

    JOSEPH JOHN FELZER
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner <u>Pro</u> <u>Se</u>

    LOUIS J. BIZZARRI, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    401 Market Street, 4th Floor
    Camden, New Jersey  08101
    Attorneys for Respondents

<u>**KUGLER, District Judge**</u>

    Petitioner William Mercer filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons and the United States Parole Commission.[1]  Respondents filed an Answer.  Because Petitioner was released on January 27, 2007, this Court will dismiss the Petition as moot.

---

[1] Petitioner originally filed the Petition in the United States District Court for the Eastern District of Pennsylvania.  Because Petitioner was incarcerated at FCI Fairton in New Jersey, the Eastern District of Pennsylvania transferred the Petition to this Court .

### I.  BACKGROUND

Petitioner challenges the computation of his sentence by the BOP and the United States Parole Commission.  Specifically, Petitioner seeks credit for time served from February 16, 2005, through July 18, 2005.  Respondents filed an Answer and Motion to Dismiss the Petition on the ground that Petitioner's sentence was correctly calculated.  On January 27, 2007, Petitioner was released upon completion of his sentence.

### II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner

2

challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed his Petition and he challenges the duration of his present confinement based on the allegedly improper calculation of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998). The question here is whether Petitioner's release from custody on January 27, 2007, caused his Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In <u>Spencer v. Kemna</u>, <u>supra</u>, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over, and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. <u>See also</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges the calculation of his release date. The became moot when Petitioner was released on January 27, 2007, because Petitioner was no longer threatened with an actual injury traceable to Respondents and likely to be redressed by a favorable judicial decision. <u>See</u> <u>Spencer</u>, 523 U.S. at 7. Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

        s/Robert B. Kugler  
        **ROBERT B. KUGLER, U.S.D.J.**

Dated:      May 3     , 2007